UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CESAR BARENFALLER, on behalf of himself and
all other similarly situated persons,

                             Plaintiff,                   **COMPLAINT**

    -against-

SPORTIME CLUBS, LLC, ISLAND TENNIS, INC. and      *FLSA Collective Action*
related entities d/b/a SPORTIME, CLAUDE OKIN,      *and Rule 23 Class Action*
SUE de LARA and RAYMOND LEACH,

                          Defendants.
-----------------------------------------------------------------------X

       Plaintiff, CESAR BARENFALLER ("Plaintiff"), by and through his attorneys, the Law

Office of Peter A. Romero PLLC, on behalf of himself and all others similarly situated, as and for

his Complaint against Defendants SPORTIME CLUBS, LLC, ISLAND TENNIS, INC. and

related entities d/b/a SPORTIME, CLAUDE OKIN, SUE de LARA and RAYMOND LEACH,

(collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

       1.     Plaintiff brings this action, on behalf of himself and other employees similarly

situated, against Defendants to remedy violations of the FLSA. Plaintiff seeks to recover unpaid

overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal

and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

       2.     Plaintiff also brings this action on behalf of himself and similarly situated current

and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover

unpaid overtime wages and statutory damages under the New York Labor Law Article 19, §650 et

seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part

142 ("New York Labor Law").

## JURISDICTION AND VENUE

3.     Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

4.     Jurisdiction of the Court over Plaintiff's New York Labor Law claims is invoked under 28 U.S.C. §1367.

5.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

## THE PARTIES

6.     Plaintiff is a resident of the County of Suffolk, State of New York.

7.     At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8.     Defendant, SPORTIME CLUBS LLC ("SPORTIME"), was and still is a limited liability company organized and existing pursuant to the laws of the State of New York.

9.     Defendant, ISLAND TENNIS, INC. ("SPORTIME"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

10.     At all times relevant, Defendant, SPORTIME, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

11.     At all relevant times, Defendant, SPORTIME, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Defendant's employees were engaged in cleaning and maintaining Defendant's tennis facility and used tools, equipment and other materials, much of which originated in states other than New York.

2

12.     Defendant, CLAUDE OKIN, is the President or Chief Executive Officer of SPORTIME and has authority to make payroll and personnel decisions for SPORTIME, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

13.     Defendant, SUE de LARA is the General Manager of SPORTIME in Amagansett and has authority to make payroll and personnel decisions for SPORTIME, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

14.     Defendant, RAYMOND LEACH, is the Facilities Director of SPORTIME in Amagansett and has authority to make payroll and personnel decisions for SPORTIME, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

## FACTS

15.     Defendants operate indoor and outdoor tennis courts, fitness clubs and sports arenas at 13 clubs at locations throughout New York State, including, but not limited to, Amagansett, Bethpage, Hamptons-Quogue, Harbor Island, Kings Park, Lake Isle, Lynbrook, Randall's Island, Roslyn, Schenectady and Syosset.

16.     Plaintiff was employed by Defendants as a manual worker at the tennis club in Amagansett and the sports arena in East Hampton, New York from in or about May 2016 to in or about August 2016, and from in or about February 2019 to in or about July 2019.  Plaintiff performed manual labor for Defendants maintaining the tennis courts and sports arena.

17.     Plaintiff regularly worked Sunday through Friday, 6 days per week.  He regularly began each workday at 6:00 a.m. and worked until at least 6:00 p.m., and often later.  Plaintiff regularly worked more than 40 hours each week but was not paid overtime at the rate of one and one-half times his regular hourly rate of pay for hours worked after 40 hours per week.  Instead,

Defendants paid Plaintiff at his regular "straight-time" rate of pay for all hours worked, including those hours worked after 40 hours per week.

18.    Defendants failed to pay Plaintiff and the FLSA Collective at the required overtime rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of 40 hours per week.

19.    Defendants' failure to pay Plaintiff and the FLSA Collective at the required overtime rate was willful.

20.    Defendants paid Plaintiff and similarly situated employees, manual workers, on a bi-weekly basis in violation of New York Labor Law §191.

21.    Defendants failed to provide Plaintiff and similarly situated employees upon hire written notice and acknowledgement of their rate of pay and other information required by Section 195(1) of the New York State Labor Law.

22.    Defendants failed to provide Plaintiff and similarly situated employees with accurate statements with each payment of wages setting forth the overtime rate of pay and number of overtime hours worked as required by Labor Law §195(3).

23.    Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4  and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §142-2.8.

24.    Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

## COLLECTIVE ACTION ALLEGATIONS

25.    At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

4

and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

26.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

27.     Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by Defendants
> as maintenance workers at any time during the three (3) years prior
> to the filing of their respective consent forms.

28.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

29.     Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been,

5

employed by the Defendants as hourly-paid manual workers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

30.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

31.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint.

32.     Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

33.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of 40 hours in a single workweek;

(b)     whether Defendants failed to pay the Plaintiff and Class Members on a weekly basis as required by New York State Labor Law §191;

(c)     whether Defendants failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(d)     whether Defendants failed to furnish the Plaintiff and Class Members with an accurate statement with every payment of wages, setting forth the overtime rate of pay and number of overtime hours worked;

(e)     whether Defendants' general practice of failing and/or refusing to pay the Plaintiff and Class Members overtime pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws;

(f)     whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(g)     what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the Class.

34.     Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay overtime wages to Plaintiff and Class Members for hours worked in excess of forty (40) hours per week and failed to pay Plaintiff and Class Members on a weekly basis.

35.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

36.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

7

37.     Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

38.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

39.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

40.     The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

41.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FLSA OVERTIME VIOLATION)

42.   Plaintiff repeats and re-alleges each and every allegation contained herein.

43.   Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

44.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

45.   Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## (NYLL OVERTIME VIOLATION)

46.   Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

47.   Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

48.   Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

49.     Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**(NYLL FREQUENCY OF PAYMENT VIOLATION)**

50.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

51.     Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

52.     Defendants were required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

53.     Defendants failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

54.     Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages.

**FOURTH CLAIM FOR RELIEF**
**(NYLL WAGE NOTICE VIOLATION)**

55.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

56.     Defendants failed to provide Plaintiff and Class Members upon hire with written of their rate of pay and other information required by New York Labor Law §195(1).

57.     Each Plaintiff and Class Member is entitled to recover statutory damages from Defendants.

10

## FIFTH CLAIM FOR RELIEF
## (NYLL WAGE STATEMENT VIOLATION)

58.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Defendants failed to provide Plaintiff and Class Members with a statement with every payment of wages as required by New York Labor Law §195(3).

60.     Each Plaintiff and Class Member is entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii)   Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv)    Damages pursuant to New York State Labor Law §198;

(v)     Certification of a class action pursuant to Fed.R.Civ.P. 23;

(vi)    All attorneys' fees and costs incurred in prosecuting these claims; and

(vii)   Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
          November 17, 2019

                                              LAW OFFICE OF PETER A. ROMERO PLLC

                                              */s/ Peter A. Romero*

                          By:      _____
                                   Peter A. Romero, Esq.
                                   825 Veterans Highway-Ste. B
                                   Hauppauge, New York 11788
                                   (631) 257-5588
                                   Promero@RomeroLawNY.com

                                   *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Sportime Clubs, LLC, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.


_____

Cesar Barenfaller

_____

11-5-2019

Date