UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CESAR BARENFALLER and ANYELO
BARENFALLER, on behalf of themselves and
all other similarly situated persons,

                                Plaintiffs,

      -against-

SPORTIME CLUBS, LLC, ISLAND TENNIS, INC.
and related entities d/b/a SPORTIME, CLAUDE OKIN,
SUE de LARA and RAYMOND LEACH,

                              Defendants.
------------------------------------------------------------------------X

**AMENDED**
**COMPLAINT**

*Collective Action*
*and Rule 23 Class Action*

        Plaintiffs, CESAR BARENFALLER and ANYELO BARENFALLER ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, SPORTIME CLUBS, LLC, ISLAND TENNIS, INC. and related entities d/b/a SPORTIME, CLAUDE OKIN, SUE de LARA and RAYMOND LEACH, allege as follows:

**NATURE OF THE ACTION**

        1.     Plaintiffs bring this action, on behalf of themselves and other similarly situated persons, against Defendants to remedy violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA").  Plaintiffs seek to recover unpaid overtime wages, liquidated damages, reasonable attorney's fees, and all other appropriate legal and equitable relief pursuant to 29 U.S.C. §216(b) et seq. and other applicable federal law.

        2.     Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid overtime and statutory damages under the New York State Labor Law

1

and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

3.　　This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.　　In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

5.　　Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

## THE PARTIES

6.　　At all times relevant to the complaint, Plaintiff, CESAR BARENFALLER, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

7.　　At all times relevant to the complaint, Plaintiff, ANYELO BARENFALLER, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8.　　Defendant, SPORTIME CLUBS LLC ("SPORTIME"), was and still is a limited liability company organized and existing pursuant to the laws of the State of New York.

9.　　Defendant, ISLAND TENNIS, INC. ("SPORTIME"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

10.　　At all times relevant, Defendant, SPORTIME, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

11.     At all relevant times, Defendant, SPORTIME, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Defendant's employees were engaged in cleaning and maintaining Defendant's tennis facility and sports arena and they used tools, equipment and other materials, many of which originated in states other than New York.

12.     Defendant, CLAUDE OKIN, is an owner, member, shareholder and/or officer of SPORTIME, has authority to make payroll and personnel decisions for SPORTIME, is active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs, and is liable to Plaintiffs as an "employer" within the meaning of federal and state law.

13.     Defendant, SUE de LARA, is the General Manager of SPORTIME in Amagansett, has authority to make payroll and personnel decisions for SPORTIME, is active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

14.     Defendant, RAYMOND LEACH, is the Facilities Director of SPORTIME in Amagansett, has authority to make payroll and personnel decisions for SPORTIME, is active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

## FACTS

15.     Defendants operate indoor an outdoor tennis courts, fitness clubs and sports arenas at 13 clubs located throughout New York State, including, but not limited to, Amagansett,

Bethpage, Hamptons-Quogue, Harbor Island, Kings Park, Lake Isle, Lynbrook, Randall's Island, Roslyn, Schenectady and Syosset.

16.     Plaintiff, CESAR BARENFALLER, was employed by the Defendants as a manual worker at Defendant's tennis club in Amagansett and the sports arena in East Hampton from in or about May 2016 until in or about August 2016, and from in or about February 2019 until in or about July 2019. Plaintiff performed manual labor for Defendants maintaining the tennis courts and sports arena.

17.     Plaintiff, CESAR BARENFALLER, regularly worked Sunday through Friday, 6 days per week. He regularly began each workday at 6:00 a.m. and worked until at least 6:00 p.m., and often later. Plaintiff regularly worked more than 40 hours each week but was not paid overtime at the rate of one and one-half times his regular hourly rate of pay for hours worked after 40 hours per week.

18.     By way of example only, Defendants issued Plaintiff, CESAR BARENFALLER, a check dated May 3, 2019 that compensated Plaintiff for a total of 127.60 hours worked during the previous two-week work period. Defendants paid Plaintiff for 80.02 "regular" hours at $15.00 per hour and 47.58 "overtime" hours at $18.00. Defendants issued Plaintiff a check dated June 28, 2019 that compensated Plaintiff for a total of 109.47 hours worked during the previous two-week period. Defendants paid Plaintiff for 80 "regular" hours at $15.00 per hour and 29.47 "overtime" hours at $18.00 per hour.

19.     Plaintiff, ANYELO BARENFALLER, was employed by the Defendants as a manual worker at Defendant's tennis club in Amagansett and the sports arena in East Hampton from in or about March 2014 until in or about June 2019. Plaintiff performed manual labor for Defendants maintaining the tennis courts and sports arena.

4

20.     Plaintiff, ANYELO BARENFALLER, regularly worked Sunday through Friday, 6 days per week. He regularly began each workday at 6:00 a.m. and worked until at least 6:00 p.m., and often later. Plaintiff regularly worked more than 40 hours each week but was not paid overtime at the rate of one and one-half times his regular hourly rate of pay for hours worked after 40 hours per week. Instead, Defendants paid Plaintiff at his regular "straight-time" rate of pay for all hours worked, including those hours worked after 40 hours per week.

21.     By way of example only, Defendants issued a check to Plaintiff, ANYELO BARENFALLER, dated May 17, 2019 that compensated Plaintiff for 80 "regular" hours and 55.66 "overtime" worked during the previous two-week period. Defendants paid Plaintiff for all 135.66 hours at his regular hourly rate of $20.00. Defendants issued a check to Plaintiff, dated May 31, 2019, that compensated Plaintiff for 79.99 "regular" hours and 72.48 "overtime" hours worked during the previous two-week period. Defendants paid Plaintiff for all 152.47 hours at his regular hourly rate of $20.00.

22.     Defendants did not pay Plaintiffs and the FLSA Collective overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours per workweek.

23.     Defendants' failure to pay Plaintiffs and the FLSA Collective at the required overtime rate was willful.

24.     Defendants failed to pay Plaintiffs and similarly situated manual workers no later than seven calendar days after the end of the week in which their wages were earned as required by Labor Law §191. Instead, Defendants paid Plaintiffs and similarly situated manual workers bi-weekly in violation of Labor Law §191.

25.     Defendants failed to provide Plaintiffs with a notice and acknowledgement of their regular hourly rates of pay and overtime rates of pay at the time they were hired as required by Labor Law §195(1).

26.     Defendants failed to furnish Plaintiffs with accurate wage statements each pay period setting forth the correct overtime rates of pay as required by Labor Law §195(3).

27.     Defendants failed to post in conspicuous places notices explaining overtime requirements as required by the FLSA, 29 C.F.R. §516.4 and NYLL, N.Y. Comp. Codes R. & Regs. 12 §142-2.8.

28.     Defendants' violations of the FLSA described in this Complaint have been willful and intentional.

## COLLECTIVE ACTION ALLEGATIONS

29.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

30.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

31.     Plaintiffs seek to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by Defendants as hourly-paid laborers and/or maintenance workers at any time during the three (3) years prior to the filing of their respective consent forms.

32.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b).

33.     Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

34.     Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as hourly paid manual workers as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

35.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the position held, frequency and rates of pay for each Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. Rule 23.

36.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

37.     Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

38.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(b)     whether Defendants failed to pay Plaintiffs and Class Members their wages no later than seven calendar days after the end of the week in which their wages were earned;

(c)     whether Defendants paid Plaintiffs and Class Members on a bi-weekly basis violation of Labor Law §191;

(d)     whether Defendants failed to provide Plaintiff and Class Members with an accurate wage notice at the time of hire as required by law;

(e)     whether Defendants failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages listing the correct regular rates and overtime rates of pay, gross wages, and deductions and allowances, as required by law;

(f)     whether Defendants failed to post notices required by the FLSA and NYLL;

(g)     whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(h)     whether Defendant's general practice of failing and/or refusing to pay Plaintiff and Class overtime was done willfully and/or with reckless disregard of the federal and state wage and hour laws; and

(i)     what is the nature and extent of the Class-wide injury and the appropriate measure of damages for the Rule 23 Class.

39.     Plaintiffs' claims are typical of the claims of the Class that they seek to represent. Defendants failed to pay Plaintiffs and Class Members overtime wages, failed to pay Plaintiffs and Class Members their wages no later than seven calendar days after the end of the week in which their wages were earned, failed to provide Plaintiffs and Class Members with an accurate wage notice at the time of hire and failed to furnish the Plaintiffs and Class members with an accurate statement with every payment of wages listing the correct regular rates and overtime rates of pay.

40.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class Members were subject to the same corporate practices of Defendants.  Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

41.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

42.     Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

43.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

44.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

45.     In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

46.     The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

47.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FLSA DENIAL OF OVERTIME

48.     Plaintiffs allege and incorporates by reference all allegations in all preceding paragraphs.

10

49.   Defendants employed Plaintiffs and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

50.   Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

51.   Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

52.   As a result of defendants' unlawful acts, Plaintiffs and persons similarly situated to Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NYLL DENIAL OF OVERTIME

53.   Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

54.   Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

55.   By defendants' failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

11

56.     Due to defendants' violations of the New York Labor Law, Defendants are liable to Plaintiffs for unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NYLL FREQUENCY OF PAYMENT

57.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

58.     Plaintiffs and Class Members are manual workers within the meaning of New York Labor Law.

59.     Defendants were required to pay Plaintiffs and Class Members their wages no later than seven days after the end of the workweek in which the wages were earned.

60.     Defendants failed to pay Plaintiffs and Class Members their wages no later than seven days after the end of the workweek in which the wages were earned and instead paid Plaintiffs and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law §191.

## FOURTH CLAIM FOR RELIEF
## NYLL WAGE NOTICE VIOLATION

61.     Plaintiffs alleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Defendants failed to provide Plaintiffs and Class Members upon hire with written notice of their correct regular rates of pay and overtime rates of and other information required by New York Labor Law §195(1).

63.     Each Plaintiff and Class Member is entitled to recover from Defendants statutory damages of up to $5,000.00.

12

## FIFTH CLAIM FOR RELIEF
## NYLL WAGE STATEMENT VIOLATION

64.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

65.     Defendants failed to provide Plaintiffs and Class Members with accurate statements of their wages each pay period setting forth their correct overtime rates of pay as required by New York Labor Law §195(3).

66.     Each Plaintiff and Class Member is entitled to recover from Defendants statutory damages of up to $5,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i.)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii.)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii.)     Certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv.)     Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(v.)     Damages pursuant to New York State Labor Law §198;

(vi.)     All attorneys' fees and costs incurred in prosecuting these claims; and

13

(vii.)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
January 14, 2020

LAW OFFICE OF PETER A. ROMERO PLLC

*/s/ Peter A. Romero*

By:    _____

Peter A. Romero, Esq.
825 Veterans Highway Ste. B
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

14

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Sportime Clubs, LLC, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____
Cesar Barenfaller

11-5-2019
_____
Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Sportime Clubs, LLC, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.


_____
Anyelo Barenfaller

_____
11 - 06 - 2019
Date