Representing Management Exclusively in Workplace Law and Related Litigation

**jackson|lewis**

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville NY 11747
Tel 631-247-0404
Fax 631-247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HONOLULU, HI | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON DC REGION |
| DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

My Direct Dial is:  (631) 247-4657
My Email Address is:  ANA.SHIELDS@JACKSONLEWIS.COM

May 5, 2020

**VIA ECF**

The Honorable Gary R. Brown, U.S.D.J.
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

> Re:   *Barenfaller v. Sportime Clubs, LLC et al.*
>        Case No. 19-cv-06536-GRB-ARL

Dear Judge Brown:

As counsel for Defendants, we write jointly with counsel for Plaintiffs, to respectfully request that Your Honor approve the parties' proposed Fair Labor Standards Act ("FLSA") settlement agreement (Exhibit 1) and "so order" the parties' proposed Stipulation of Dismissal (Exhibit 2).  For the reasons set forth herein, the proposed FLSA agreement reflects a fair and reasonable compromise as to *bona fide* disputes regarding the FLSA claims made and defenses thereto.  As such, the parties jointly and respectfully submit that their proposed motion should be granted in its entirety.

**I.      The FLSA Claims and Defenses.**

The Amended Complaint alleges that Defendants violated various provisions of the FLSA and New York Labor Law ("NYLL") during the course of Anyelo Barenfaller ("Anyelo") and Cesar Barenfaller ("Cesar")'s employment.  Specifically, Anyelo and Cesar each allege that they were: (1) unlawfully denied wages at time and one half their regular rate of pay for all hours worked over 40 in a workweek in violation of both the FLSA and NYLL; (2) they were manual workers who were unlawfully paid on a bi-weekly, rather than weekly, basis in violation of Section 191 of the NYLL; and, (3) that Sportime failed to provide both Anyelo and Cesar with adequate notices in violation of Section 195 of the NYLL.

Thus, the only FLSA claim in issue is the alleged unpaid overtime wages.  As to Cesar, this FLSA overtime claim covers a period of (1) May 2016 to August 2016, and (2) February



The Honorable Gary R. Brown, U.S.D.J.
May 5, 2020
Page 2

2019 to July 2019.[1]  As to Anyelo, this FLSA overtime claim covers either a two or a three year period depending upon whether the violation was willful as it is alleged to have been.

Defendants vehemently deny all allegations, including, but not limited to the FLSA claims.  First, it is Defendants' position that Sportime is exempt from the FLSA's overtime requirements based on Sportime's status as an amusement or recreational establishment pursuant to 29 U.S.C. § 213(a)(3).  The FLSA expressly provides an exemption from its minimum wage and overtime provisions for "any employee employed by an establishment which is an amusement or recreational establishment . . . if . . . during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year."  29 U.S.C. § 213(a)(3).  Sportime evaluates this exemption on a location by location basis, as is contemplated by the FLSA, depending upon the foregoing receipts test.  At the location where Plaintiffs worked, it is Defendants' position that the exemption applied rendering the FLSA claim subject to dismissal.   When Anyelo worked at a non-exempt location for a brief period, he was paid at an overtime rate of time and one-half his regular rate of pay as required at that location.

Second, while the Complaint was filed as a putative collective and class action, it is Defendants' position that no FLSA collective action or NYLL class action could be certified.  The majority of putative class members, including Cesar, signed binding arbitration agreements with class waivers.  While certain long-term employees (such as Anyelo) were "grandfathered in" and thus not required to sign arbitration agreements when these were rolled out years ago, it is Defendants' position that there is no numerosity to support a claim based upon those remaining individuals.  Indeed, many Sportime locations do not take the FLSA exemption taken at the location where the named Plaintiffs herein work.  *See* 29 CFR § 779.23 ("As used in the [FLSA], the term *establishment*, which is not specially defined therein, refers to a 'distinct physical place of business' rather than to 'an entire business or enterprise' which may include several separate places of business.").  As such, the parties settled this matter on an individual basis for the two named Plaintiffs.

Defendants further deny the NYLL claims which are not subject to this motion and are not the subject of the proposed FLSA Agreement.  The supervision requirement does not apply to resolution of NYLL claims, which may be waived by private agreement.  *Amaya v. Garden City Irrigation, Inc.*, 2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011) ("The district courts of this circuit have roundly rejected" attempts to extend the FLSA supervision doctrine to claims under New York law); *Wright v. Brae Burn Country Club, Inc.,* 2009 U.S. Dist. LEXIS 26492, 2009 WL 725012, at *4 (S.D.N.Y. Mar. 20, 2009) ("There is no express restriction on the private settlement of waiver of wage and hour claims under New York law."); *Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007) (upholding release of

---

[1] The original Complaint was filed on November 19, 2019.  Because the statute of limitations of an FLSA overtime claim is either two or three years depending upon whether the violation was willful, whether Cesar's first of two periods of employment with Sportime (from May 2016 to August 2016) falls within the FLSA statute of limitations depends on whether the violation was willful.



New York Labor Law claims). As such, the parties have privately entered into a separate, confidential general release agreement pursuant to which the NYLL claims are dismissed pending the dismissal of FLSA claims. *Shavis v. Pay-O-Matic Check Cashing Corp.*, No. 19-CV-484 (CBA)(LB), 2019 U.S. Dist. LEXIS 143911, at *4 n.1 (E.D.N.Y. Aug. 22, 2019) ("Courts routinely approve bifurcated settlements in which the parties' FLSA claim undergoes court review for approval while their non-FLSA claims are resolved in a separate agreement."); *Abrar v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016) (approving "bifurcated settlement structure" with review of FLSA settlement under *Cheeks* and confidential settlement of non-FLSA claims); *Santos v. Yellowstone Properties, Inc. et al.*, S.D.N.Y. Case No. 15-cv-03986 Dkt. 26, 30 5/10/16; *Brown v. Advanced Tattoo Management Consulting, Corp. et al.*, E.D.N.Y. Case No. 15-cv-436 (ARL) Dkt. 35, 36, 05/17/16; *Chowdhury v. Brioni America, Inc.*, 16-CV-344 (HBP) (November 29, 2017) (Pitman, M.J.); *Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. Apr. 28, 2017) ("such a bifurcated settlement agreement is permissible" under *Cheeks*). "Judges in this District routinely approve `bifurcated settlement agreement[s], in which the parties submit their FLSA agreement for court review and approval . . . but enter into a separate [agreement]" that addresses the non-FLSA claims, which does not require judicial and may contain provisions that would be impermissible under *Cheeks*." *Chowdhury* (quoting *Ortiz v. Breadroll, LLC*, 16-CV-7998 (JLC), 2017 WL 2079787 at * 2 (S.D.N.Y. May 15, 2017)).[2]

## II.     <u>The Proposed Settlement Is Fair and Reasonable and Should Be Approved.</u>

A court may approve a settlement of FLSA claims where it "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Cando v. Vytek, Inc.*, No. 19 CV 3318 (CLP), 2020 U.S. Dist. LEXIS 11505, at *3 (E.D.N.Y. Jan. 22, 2020) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354). "The adversarial nature of an FLSA dispute is generally considered to be evidence of the fairness of the settlement." *Weston v. TechSol, LLC*, No. 17-CV-0141 (CLP), 2018 U.S. Dist. LEXIS 166574, at *10 (E.D.N.Y. Sep. 26, 2018). "Generally there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Guan v. Long Island Bus. Institute, Inc.*, No. 15-CV-02215 (CBA) (VMS), 2020 U.S. Dist. LEXIS 47088, at *4-5 (E.D.N.Y. Mar. 18, 2020).

The parties agree that *bona fide* disputes exist regarding, *inter alia*, the applicability of the "amusement or recreational establishment" exemption from the FLSA's overtime

---

[2] The parties jointly represent that their separate non-FLSA agreement does not affect the FLSA claims and, therefore, respectfully submit that the dual-agreement settlement arrangement should be approved. However, in the event that the Court has concerns about the dual-agreement settlement arrangement, the parties request permission to submit the non-FLSA agreement *in camera* or under seal for the Court's review. *See Hotoranu et al. v. Star Nissan Inc.*, E.D.N.Y. Case No. 16-CV-05320 (KAM)(RML), 03/02/18 Order (granting Dkt. 49 Motion for Leave to File non-FLSA settlement agreement by ECF, under seal with access to case participants only); *Weil v. Mark D. Levy Horticultural Servs., LLC*, No. 19 CV 4493 (VB), 2019 U.S. Dist. LEXIS 186584, at *2 (S.D.N.Y. Oct. 25, 2019) (approving bifurcated settlement structure after reviewing confidential non-FLSA Settlement Agreement and finding it did not impermissibly affect settlement of FLSA claims).



The Honorable Gary R. Brown, U.S.D.J.
May 5, 2020
Page 4

requirements. If Plaintiffs were to prevail, the value of their alleged FLSA overtime claim would be in or around $8,024.28 (Cesar - $1,491.48; Anyelo - $6,532.80). Pursuant to the terms of the parties' negotiated settlement agreement, Defendants are paying the total sum of Four Thousand Dollars and Zero Cents ($4,000.00) to resolve Plaintiffs' FLSA claims, inclusive of attorneys' fees. Considering the strength of Defendants' defense based on the "amusement or recreational establishment" exemption and the arbitration agreement with class action waiver signed by Cesar, Plaintiffs' counsel believes that this settlement is a good result for Plaintiffs, and it should be approved as fair.

In light of the significant litigation risks for both sides, all parties believe that this settlement is fair. Although there is a possibility that Plaintiffs could recover higher damages if the case proceeded to trial, there is also the possibility that they could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiffs will be able to recover settlement funds more expeditiously, and with more certainty than a trial judgment, since the parties would need to take depositions, and brief numerous motions on the merits before trial could commence. This settlement constitutes a classic compromise of contested issues, reached based on arm's length negotiations between experienced FLSA counsel.

The terms of the settlement agreement are in accordance with the decision of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The settlement allows for the settlement agreement to be publicly filed for the purpose of judicial review for fairness. The settlement agreement does not contain any confidentiality or non-disparagement provisions, and the release is limited to FLSA claims.

Pursuant to Plaintiffs' retainer agreement, the attorney's fee represents one third (33.3%) of the total settlement amount and is reasonable. Plaintiffs' counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiffs' job duties, hours worked and compensation received, commenced this action, and negotiated the settlement including the exchange of documents with Defendants related to the foregoing claims and defenses asserted. Due to the contingent nature of the case, Plaintiffs' counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiffs' counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf. The settlement amount will be made available to Plaintiff without the uncertainty and delay of trial. Defendants take no position with respect to Plaintiffs' attorneys' fees, except to state that all parties believe the settlement is a fair and reasonable resolution of disputed issues under the FLSA supervision doctrine. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203 (2d Cir. 2015) (citing *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

In short, the settlement is the result of substantial negotiations and compromise by all parties. The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiffs in light of the risks of litigation and should be approved. The parties are



The Honorable Gary R. Brown, U.S.D.J.
May 5, 2020
Page 5

available for a hearing in person or by telephone if necessary.

Thank you for your attention to this matter.

Respectfully submitted,

*Ana C. Shields*

Ana C. Shields

ACS/WK
Enclosures
cc: All counsel of record (via ECF).