# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

CESAR BARENFALLER and ANYELO
BARENFALLER, on behalf of themselves and all
other similarly situated persons,

                Plaintiffs,

v.

SPORTIME CLUBS, LLC, ISLAND TENNIS, INC.,
and related entities d/b/a SPORTIME, CLAUDE
OKIN, SUE de LARA and RAYMOND LEACH,

                Defendants.

-----------------------------------------------------------------X

Civ. No.: 19-CV-06536
(GRB)(ARL)

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

WHEREAS, Plaintiffs CESAR BARENFALLER ("Cesar") and ANYELO BARENFALLER ("Anyelo"), on behalf of themselves and all similarly situated persons (collectively referred to as "Plaintiffs") and SPORTIME CLUBS, LLC, ISLAND TENNIS, INC., and related entities d/b/a SPORTIME ("Sportime"), CLAUDE OKIN, SUE de LARA and RAYMOND LEACH (collectively referred to as "Defendants") (Plaintiffs and Defendants collectively, the "Parties") desire to resolve, settle and agree to dismiss with prejudice all claims Plaintiffs have made pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), that were raised or could have been raised in or by the Amended Complaint ("Complaint") in the above-captioned action (the "Lawsuit"), without further litigation and adjudication;

WHEREAS, Plaintiffs and Defendants have chosen to enter into this Settlement Agreement and Release of FLSA Claims ("Agreement") to avoid further proceedings with respect to any and all claims Plaintiffs have made pursuant to the FLSA ("FLSA Claims") against Defendants in this Lawsuit or that Plaintiffs could assert in any other case or forum and intending to settle, bar and waive any and all such FLSA claims that Plaintiffs have or may have against Defendants;

WHEREAS, the Parties understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings in the Lawsuit, and in any other document or statement whatsoever;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law,

Defendant's policies, practices or procedures or of any other wrongdoing whatsoever, whether with regard to Plaintiffs or anyone else; and,

WHEREAS, the parities understand and agree that Plaintiffs' FLSA Claims shall be dismissed in their entirety with prejudice as against Defendants by the Court subject to the terms of the Parties' stipulation;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES that:

1. **Definitions.**

(a) "Releasors" shall be defined to include, but is not limited to, Plaintiffs, and all presently or formerly affiliated persons or entities, including, but not limited to, their dependents, heirs, assigns, successors, creditors, debtors, lienholders or others who might assert any claim because of conduct toward or including Releasors themselves; and,

(b) "Released Parties" shall be defined to include, but is not limited to, Defendants, all presently or formerly affiliated persons or entities, and any successors, assigns, counsel, insurers, representatives, the employees and representatives of any such entity (including but not limited to Claude Okin, Sue de Lara and Raymond Leach), and any otherwise related persons and entities.

2. **No Consideration Absent Execution of this Agreement and Dismissal of Lawsuit.**

   a. Plaintiffs understand and agree that Plaintiffs would not receive the monies and/or benefits specified in Paragraph "5" below, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

   b. The Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve this Agreement and dismiss Plaintiffs' FLSA claims with prejudice. Plaintiffs authorize their counsel to execute the Stipulation and Order of Dismissal with Prejudice, attached as **Exhibit A**, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit and/or the full release of claims, and enforcement of the Agreement.

   c. This Agreement is contingent on the Court approving the settlement of Plaintiffs' FLSA claims and dismissing the Lawsuit with prejudice. In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be voidable. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement. Notwithstanding the foregoing, the Parties may agree in a separate writing to modify or alter this

Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

3. **Release of Claims.**

Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any claims, causes of action, lawsuits, promises, obligations, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Released Parties as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, arising out of their FLSA wage and/or wage/hour claims, including attorneys' fees, and the FLSA's implementing regulations, based upon any conduct occurring up to and including the date of Plaintiffs' execution of this Agreement.

**Consideration.**

(a) In exchange for the promises made herein by Plaintiffs, including the release of claims as set forth herein, Defendant Sportime will pay the total sum of Four Thousand Dollars and Zero Cents ($4,000.00) (the "Settlement Amount"), which shall be apportioned to Plaintiffs and Plaintiffs' counsel as set forth below. Such Settlement Amount is in consideration for and in full satisfaction of all claims set forth in paragraph "3" hereof. Payment of the Settlement Amount shall be made as follows:

(i) Defendant Sportime will provide Plaintiffs, through their counsel, with a check made payable to "Law Office of Peter A. Romero PLLC," as attorneys for Plaintiffs in the sum of One Thousand Three Hundred Thirty-Three and 33/100 Dollars ($1,333.33), for payment of Plaintiffs' attorneys' fees incurred in this matter, for which Forms 1099 will be issued to Law Office of Peter A. Romero PLLC and to Plaintiffs.

(ii) Defendant Sportime will provide Cesar, through his counsel, with a check made payable to "Cesar Barenfaller" in the amount of Five Hundred and 00/100 Dollars ($500.00), less applicable withholdings, to be reported on a Form W-2.

(iii) Defendant Sportime will provide Anyelo, through his counsel, with a check made payable to "Anyelo Barenfaller" in the amount of Two Thousand One Hundred Sixty-Six and 67/100 Dollars ($2,166.67), less applicable withholdings, to be reported on a Form W-2.

(b) The Settlement Amount shall be paid within thirty (30) calendar days following the Court's So Ordering of the attached Stipulation and Order of Dismissal with Prejudice.

(c) The payments shall be sent to Plaintiffs' counsel who shall be responsible for distribution of the payment to Plaintiffs.

4. **Acknowledgments and Affirmations.**

(a) Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim against Defendants, except the within Lawsuit; that this Agreement represents a settlement of a bona fide dispute regarding wages owed and hours worked; and that Plaintiffs shall promptly seek Court approval of this Agreement on the basis that the Agreement is fair and reasonable pursuant to the above mentioned joint motion for approval.

(b) Plaintiffs affirm that through this Agreement, they have been paid and/or have received all compensation, wages, bonuses, other monies, and/or benefits to which Plaintiffs may be entitled for work performed and that no other compensation, wages, bonuses, benefits or other monies are due.

(c) Plaintiffs further affirm that they have not been retaliated against for reporting any allegations of wrongdoing by Defendants or their officers, including any allegations of corporate fraud. Both Defendants and Plaintiffs acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Execution.** The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. Plaintiffs are represented by counsel of their choosing and certify that they are satisfied with the advice and services of their counsel, Law Office of Peter A. Romero PLLC. The meaning, effect and terms of this settlement have been fully explained to Plaintiffs by their counsel. Plaintiffs hereby affirm that they fully understand that this Agreement settles, bars and waives any and all FLSA wage payment and/or wage/hour claims that they could possibly have against Released Parties.

6. **Non-Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by Released Parties of any liability or unlawful conduct of any kind. The Parties further agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, to be evidence in any future proceedings other than to enforce the terms of this Agreement.

7. **Severability and Modification.** If any provision of this Agreement or the attachments hereto is declared illegal or unenforceable by any court, administrative agency or other entity, and if such provision is not susceptible to interpretation or modification to be enforceable (which the Parties authorize and direct any court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the limited release contained herein is limited or held to be null and void, Plaintiffs shall execute additional or supplemental limited release agreements waiving any and all claims covered hereby. If Plaintiffs refuse to execute additional or supplemental limited release agreements, Plaintiffs shall return, upon demand by Defendants, all payments made hereunder.

8. **Section Headings.** Section headings are used herein for convenience of reference only and do not affect the meaning of any provision of this Agreement.

9. **Entire Agreement.** This Agreement, which incorporates as covenants the representations and clauses in the introductory "WHEREAS" clauses and includes the terms of the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit "A," which is expressly incorporated herein, sets forth the entire agreement between the Parties hereto relating to the subject matter covered by this Agreement, and, except for (1) the parties' Confidential Settlement Agreement and General Release of non-FLSA claims ("Non-FLSA Confidential Agreement") entered into by Plaintiff and Defendants on April 30, 2020 and (2) the Arbitration Agreement with class action waiver entered into between Sportime and Cesar on May 12, 2016 ("Arbitration Agreement"), fully supersedes any prior agreements or understandings between the Parties. This Agreement shall be interpreted under New York law, without regard to its conflict or choice of law provisions, to effect a release by Plaintiffs of all actual or potential FLSA wage/hour or wage payment claims, whether known or unknown, as set forth herein. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only by a written document, signed by the Parties or their legally designated representative, which recites the specific intent to modify this Agreement, or as set forth in paragraph "9" hereof.

10. **Tax Liability.** Plaintiffs shall be required to ensure that all taxes relating to any amounts paid hereunder properly are paid, except for the employer's share of FICA taxes as set forth in Sections 4(a)(ii) and 4(a)(iii) of this Agreement. In the event that taxes, interest or penalties are held to be due and owing as a result of the foregoing payments, the taxes, interest or penalties shall be the sole obligation and liability of Plaintiffs, who agree to indemnify and hold Defendants harmless for any taxes, interest or penalties incurred by Defendants relating to the payments.

11. **Capability to Waive Claims.** Plaintiffs expressly represent that Plaintiffs are able to effect a knowing and voluntary waiver and general release of claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiffs are competent to execute this Agreement and to waive all wage payment and/or wage/hour claims they have or may have against Released Parties. Plaintiffs certify that they are not party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair their right to settle their claims in this case and to waive all FLSA wage/hour claims they may have against Released Parties.

12. **Resolution of Disputes.** Any dispute, claim or cause of action arising out of, or related to, this Agreement shall be settled by arbitration administered by the American Arbitration Association, as set forth in the Arbitration Agreement with class action waiver entered into between Sportime and Cesar on May 12, 2016, which is incorporated herein by reference.

13. **Counterparts.** This Agreement may be signed in counterparts. A fax or scan signature may serve as an original Agreement. This Agreement will not be effective until signed by Defendants.

**PLAINTIFFS AFFIRM THEY HAVE CONSULTED WITH THE LAW OFFICE OF**

PETER A. ROMERO PLLC PRIOR TO SIGNING THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "5," PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEY, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES, AS SET FORTH HEREIN.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 4-30-2020, 2020          By: _____
                                     CESAR BARENFALLER

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF Suffolk  )

On the 30 day of April, 2020, before me, the undersigned, personally appeared Cesar Barenfaller, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument intending to resolve, settle and release generally any and all claims of every and any kind.

_____
Signature and Office of individual
taking acknowledgment

VINCENT PERS
Notary Public, State of New York
No. 01PE6196387
Qualified in Suffolk County
Commission Expires November 17, 2021

6

Dated: 4/30/, 2020                By: _____
                                       ANYELO BARENFALLER

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF Suffolk   )

        On the 30 day of Apr., 2020, before me, the undersigned, personally appeared Anyelo Barenfaller, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument intending to resolve, settle and release generally any and all claims of every and any kind.

_____
Signature and Office of individual
taking acknowledgment

                                    VINCENT PERS
                          Notary Public, State of New York
                                No. 01PE6196387
                             Qualified in Suffolk County
                 Commission Expires November 17, 20 21

|  |  |
|---|---|
|  | SPORTIME CLUBS, LLC |
| Dated: 5/5, 2020 | By: _____ |
|  | Name: CLAUDE OKIN |
|  | Title: PRESIDENT OF ISLAND TENNIS, INC. MANAGING MEMBER OF SPORTIME ITS MANAGING MEMBER HOLDINGS, LLC |
|  | ISLAND TENNIS, INC. |
| Dated: 5/5, 2020 | By: _____ |
|  | Name: CLAUDE OKIN |
|  | Title: PRESIDENT |
| Dated: 5/5, 2020 | By: _____ |
|  | CLAUDE OKIN |
| Dated: 5/5, 2020 | By: _____ |
|  | SUE de LARA |
| Dated: 5/5, 2020 | By: _____ |
|  | RAYMOND LEACH |

8